(41 'South. 436.)

No. 16,034.

WOOD v. NEW ORLEANS RY. & LIGHT CO.

(June 4, 1906. Rehearing Denied June 18, 1906.)

STREET RAILROADS—COLLISION WITH HOSE CART.

Collision between a fire hose carriage going to a fire and a street car. Upon the facts, the car is found not to have been negligent, and the defendant company not liable.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Henry M. Wood against the New Orleans Railway & Light Company. Judgment for plaintiffs, and defendant appeals. Reversed and suit dismissed.

Harry Hinckley Hall, for appellant. John Joseph Reilley and St. Clair Adams, for appellees.

PROVOSTY, J. St. Philip and Royal streets cross each other at right angles, and are narrow streets. At 2 o'clock in the night, one of the electric cars of the defendant company was going up Royal, and a fire hose carriage, on which plaintiff was riding, was going to a fire at full gallop along St. Philip street. The car ran into the hose carriage at the intersection of the two streets, and injured plaintiff.

Defendant denies that the car was negligent, and pleads the contributory negligence of the hose carriage.

The learned counsel for plaintiff argue that the hose carriage was not guilty of contributory negligence, inasmuch as the apparatus of the fire department of the city is given, by state statute and by city ordinance, the right of way over the highways and streets. But that question could come up only in the event the car were found to have been negligent, and we have reached the conclusion that it was not.

The negligence of the car is sought to be deduced, as follows: That it is a fact known to everybody in the city of New Orleans that a hose carriage follows in the wake of every fire engine going to a fire; that, in the present instance, a fire engine had just passed this crossing, about 150 feet ahead of the hose carriage, and that the motorman must have seen the engine, and known that the hose carriage was close behind; that the gongs both of the engine and the hose carriage—large, loud-sounding, 14-inch, rotary gongs—were being rung continuously; and that, in the stillness of the night, these gongs, which ordinarily can be heard a distance of several squares, must have been heard by the motorman.

We must say that it is strange the motorman should not have seen this engine, unless, indeed, the distance between it and the hose carriage was greater than would appear from the evidence; and that it is even more strange that he should not have heard the gong of the hose carriage, unless the witnesses are mistaken in saying that it was being rung. But his positive testimony is that such was the fact, and he is corroborated by the testimony of a witness who sat on the front seat of the car, and who says that he was in a position to have seen the engine if it had passed a short distance ahead of the hose carriage, and that he did not see it, and that he did not hear the gongs.

Though improbable, it may be that the engine was not emitting sparks when it traversed the street, and that it could not otherwise be seen in the night, and it may be that the noises of the clattering engine and hose carriage, and of their noisy gongs, were drowned by the closer noises of the moving car and of its gong, which was being sounded all the time.

We should hesitate the more to set aside the verdict of the jury, if it were not that we cannot but believe that, if this motorman had either seen this engine or heard the gong

of the hose carriage, he would have been prompted by his sense of self-preservation, if by nothing else,· to take all due precautions. As the event proved, he came very near being seriously hurt—the vestibule of the car was crushed in, and he pinned in the wreckage.

Assuming that this engine was not seen, and the gong of the hose carriage not heard, by the motorman, there' is nothing left in the case from which negligence on the part of defendant could be predicated. The motorman had ·duly taken off his power, and had the car well under control, for approaching the crossing, as is demonstrated by the fact that the car came to a full stop within its own length.

Judgment set aside and suit dismissed.